**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

| | |
|---|---|
| DARYL WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>KP NETWORK, LLC d/b/a BETTER HEALTH KARE,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-14231<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes DARYL WALLACE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of KP NETWORK, LLC d/b/a BETTER HEALTH KARE ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Michigan Home Solicitations Sales Act ("HSSA") under M.C.L. § 445.111 *et seq.*, and the Michigan Consumer Protection Act ("MCPA") under M.C.L. § 445.901 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 46 year-old natural "person," as defined by 47 U.S.C. §153(39), residing at 12646 Hampshire Street, Detroit, Michigan, which lies within the Eastern District of Michigan.

5. Defendant is an entity that provides health related products and services to customers facing a variety of illnesses, including diabetes, chronic pain, and sleep related issues. Upon information, Defendant's business model involves enrolling individuals in its services and "Partner Programs" through the use of phone consultations.[1] Defendant is a limited liability company organized under the laws of the state of Florida with its principal place of business located at 600 West Hillsboro Boulevard, Building V, Suite 300, Deerfield Beach, Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately September 2017, Plaintiff acquired a new cellular phone number, (313) XXX-8085.

9. Shortly thereafter, Plaintiff began receiving calls from Defendant to his new cellular phone.

[1] https://betterhealthkare.com/terms/

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8085. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the number (313) 209-4554 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon information and belief, the above referenced phone number ending in 4554 is regularly utilized by Defendant during its solicitation activities.

13. When Plaintiff answers calls from Defendant, he experiences a noticeable pause, lasting several seconds in length, before being connected with a live representative.

14. Plaintiff never inquired about Defendant's services and was confused as to why it was contacting him.

15. Upon answering Defendant's calls, Plaintiff was informed it was calling to solicit a "Cynthia Hunt."

16. Plaintiff informed Defendant he was not the party it was seeking and demanded that the calls stop.

17. Despite Plaintiff's demand, Defendant continued to place solicitation phone calls to Plaintiff's cellular phone for months.

18. Defendant has even placed multiple phone calls to Plaintiff's cellular phone on the same day within very short succession.

19. For example, on November 13, 2017, Defendant place at least two phone calls to Plaintiff, with such calls coming in mere seconds apart from one another.

20. Plaintiff has received not less than 10 phone calls from Defendant since he demanded that it cease contacting him.

21. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $50.00 to purchase and maintain an application subscription on his cellular phone to quell Defendant's calls, yet the calls have persisted.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, that Plaintiff experienced on answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the frequency and nature of Defendant's calls, including placing multiple phone calls within mere seconds of one another, further indicates the use of an ATDS.

27. Defendant violated the TCPA by placing at least 10 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff does not have any business relationship with Defendant nor has he ever given it permission to call his cellular phone. As such, he could not have given Defendant consent to contact him. Any consent that Plaintiff *may* have given to Defendant to call his cellular phone was explicitly revoked by his demands that it cease contacting him.

28. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DARYL WALLACE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "person" as defined by M.C.L. § 445.111(k).

32. Defendant's calls to Plaintiff are "telephone solicitation[s]" as defined by M.C.L § 445.111(m) as they are voice communications over a telephone made for the purpose of encouraging Plaintiff to purchase, rent, or invest in Defendant's goods or services.

33. Defendant is a "telephone solicitor" as defined by M.C.L. § 445.111(n) as it is a person doing business in Michigan who makes or causes to be made telephone solicitations from within or outside Michigan.

34. The HSSA, under M.C.L. § 445.111c(1)(g), provides that it is a violation of the Act for a telephone solicitor to "[m]ake a telephone solicitation to a consumer in this state who has requested that he or she not receive calls from the organization or other person on whose behalf the telephone solicitation is made."

35. Defendant violated M.C.L. § 445.111c(1)(g) by continuing to place solicitation calls to Plaintiff's cellular phone after Plaintiff had demanded that such calls cease. Plaintiff clearly informed Defendant he was not the party it was seeking and that he was not interested in its services. As such, by continuing to place calls attempting to solicit Plaintiff's business after such demands were made, Defendant violated the HSSA.

WHEREFORE, Plaintiff, DARYL WALLACE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.111c(3);

c. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.111c(3);

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.111c(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by M.C.L. § 445.902(1)(d).

38. Defendant's conduct involves "trade and commerce" as defined by M.C.L. § 445.902(1)(g) as it is conduct of a business providing services primarily for personal, family or household purposes, including the solicitation of such services.

39. The MCPA, under M.C.L § 445.903, provides that "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . ." The MCPA then provides an extensive list of specific unfair, unconscionable, and deceptive conduct constituting violations of the MCPA.

40. As illustrated below, Defendant violated several of those specific provisions.

**a. Violations of M.C.L. § 445.903(1)(b)**

41. The MCPA, pursuant to M.C.L. § 445.903(1)(b), prohibits an entity from "[u]sing deceptive representations . . . in connection with goods or services."

42. Defendant violated M.C.L. § 445.903(1)(b) when it used deceptive means to attempt to solicit Plaintiff's business. Defendant repeatedly made solicitation calls to Plaintiff after being told to stop calling. Through its conduct, Defendant deceptively represented to Plaintiff that it had the legal ability to contact him via an automated system when, not only did it not have consent to place such calls in the first place, but was also subsequently told to stop calling.

**b. Violations of M.C.L. § 445.903(1)(n)**

43. The MCPA, pursuant to M.C.L. § 445.903(1)(n) prohibits an entity from "[c]ausing a probability of confusion of or misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction."

44. Defendant violated M.C.L. § 445.903(1)(n) when it continued to call Plaintiff using an automated system absent consent. Through its conduct, Defendant represented to Plaintiff that, notwithstanding Plaintiff's lack of consent to receiving its calls as well as his demand that it cease calling, Defendant maintained the lawful ability to continue calling. Such conduct caused a probability of confusion as to Plaintiff's legal rights, as such conduct suggests that Plaintiff could not get Defendant's calls to stop merely by asking. However, under both the TCPA and Michigan law, Defendant was obligated to cease attempts at soliciting Plaintiff's business using an automated system after consent for such calls had been explicitly revoked. Further, under the TCPA, Defendant never had the requisite prior express consent to contact Plaintiff on his cellular phone. As such, by placing its phone calls to Plaintiff absent his consent, Defendant caused a probability of confusion as to Plaintiff's legal rights to have the solicitation calls cease.

**c. Violations of M.C.L. § 445.903(1)(gg)**

45. The MCPA, pursuant to M.C.L. § 445.903(1)(gg), provides that it is a violation of the MCPA to violate the HSSA.

46. As illustrated above, Defendant violated the HSSA by continuing to solicit Plaintiff's business after Plaintiff demanded that such calls cease. Therefore, Defendant's conduct also constitutes a violation of the MCPA.

WHEREFORE, Plaintiff, DARYL WALLACE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from continuing its conduct, pursuant to M.C.L. § 445.911(1)(b);

c. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.911(2);

d. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.911(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.911(2);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2017 Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com